1  J. CHRISTOPHER JACZKO (149317)
   ALLISON H. GODDARD (211098)
2  JACZKO GODDARD LLP
   4401 Eastgate Mall
3  San Diego, CA 92121
   Telephone:    (858) 404-9205
4  Facsimile:    (858) 225-3500

5  DALE LISCHER (*Pro Hac Vice Pending*)
   ELIZABETH G. BORLAND (*Pro Hac Vice Pending*)
6  KERRI A. HOCHGESANG (*Pro Hac Vice Pending*)
   SMITH, GAMBRELL & RUSSELL, LLP
7  Promenade II, Suite 3100
   1230 Peachtree St. N.E.
8  Atlanta, GA  30309
   Telephone:    (404) 815-3500
9  Facsimile:    (404) 685-6945

10 Attorneys for Defendant
   GIANT INTERNATIONAL (USA) LTD.

11

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14

15 JENS ERIK SORENSEN, as Trustee of        )    No. 07-CV-02121-BTM-CAB
   SORENSEN RESEARCH AND                    )
   DEVELOPMENT TRUST,                       )    **DEFENDANT GIANT**
16                                          )    **INTERNATIONAL (USA) LTD.'S**
                                            )    **ANSWER AND COUNTERCLAIM**
17              Plaintiff,                   )
                                            )    **DEMAND FOR JURY TRIAL**
18 v.                                        )
                                            )
19 GIANT INTERNATIONAL (USA) LTD.,          )
   a Delaware corporation, and DOES 1-10,   )
                                            )
20              Defendants.                  )
                                            )
21 _____  )

22 GIANT INTERNATIONAL (USA) LTD., a        )
   Delaware corporation,                    )
23                                          )
              Cross-Complainant,             )
24                                          )
   v.                                        )
25                                          )
   JENS ERIK SORENSEN, as Trustee of        )
26 SORENSEN RESEARCH AND                    )
   DEVELOPMENT TRUST,                       )
27                                          )
              Cross-Defendant.               )
28                                          )

Defendant Giant International (USA) Ltd. ("Giant" or "Defendant"), for its Answer to the Complaint for Patent Infringement of Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust, responds as follows:

**THE PARTIES**

1.      Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Admitted.

3.      Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

**JURISDICTION AND VENUE**

4.      Giant admits that Plaintiff has asserted a claim of patent infringement under the Patent Laws of the United States of America, Title 35, United States Code, and that jurisdiction is founded on Title 28, United States Code §§ 1331, 1332(a), and 1338(a).  Giant denies that it has engaged in any act of patent infringement.

5.      Giant admits that venue is proper and that it has an extensive network of dealers that sell Giant's products at their regular and established places of business.  Except as thus admitted, the allegations contained in Paragraph 5 are denied.

6.      Admitted.

7.      Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Giant admits that the '184 Patent is entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," and that such patent issued on June 19, 1990.  Except as thus admitted, Giant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.     Denied.

11.     Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Giant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     The allegations of Paragraph 13 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the United States Patent and Trademark Office ("USPTO") on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 13.

14.     The allegations of Paragraph 14 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 14.

15.     The allegations of Paragraph 15 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 15.

16.     Giant admits that it has not obtained any license or permission from Plaintiff to import, sell, or offer for sale in the United States any of Giant's products.  Further responding to Paragraph 16, Giant states that it needs no such license or permission.  Except as thus admitted or otherwise responded to, Giant denies the allegations contained in Paragraph 16.

### **CLAIM FOR RELIEF**

### **(Patent Infringement)**

17.     Giant's responses to Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18.    Denied.

19.    Giant admits that it sells the products identified in Paragraph 18 under the Motorola trademark, but denies that any such products infringe any valid claim of the '184 Patent.

20.    Giant admits that it controls the nature and quality of the products identified in Paragraph 18 and that these products are manufactured in accordance with its design and product specification.  Giant denies that any products identified in Paragraph 18 infringe any valid claim of the '184 patent.

21.    Giant admits the allegations of Paragraph 21, but denies that any products identified in Paragraph 18 infringe any valid claim of the '184 Patent.

22.    Denied.

23.    Admitted.

24.    [none]

25.    Giant admits that it received a letter in October 2004 that contained Drawing Number D-5429 and a claim chart.  Except as thus admitted, the allegations contained in Paragraph 25 are denied.

26.    Denied.

27.    Giant admits that the letter it received in October 2004 contained a purported analysis of a process used to make some of its products.  Except as thus admitted, the allegations contained in Paragraph 27 are denied.

28.    Admitted.

29.    Denied.

30.    Denied.

**Motorola Talkabout Two-Way Radio T6500 ("T6500 Radio")**

31.    Admitted.

32.    The allegations of Paragraph 32 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

1    USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

2    meaning of such terms and therefore denies the allegations contained in Paragraph 32.

3           33.    The allegations of Paragraph 33 of the Complaint refer to one or more limitations

4    from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

5    construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

6    USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

7    meaning of such terms and therefore denies the allegations contained in Paragraph 33.

8           34.    Admitted.

9           35.    Admitted.

10          36.    Admitted.

11          37.    The allegations of Paragraph 37 of the Complaint refer to one or more limitations

12   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

13   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

14   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

15   meaning of such terms and therefore denies the allegations contained in Paragraph 37.

16          38.    The allegations of Paragraph 38 of the Complaint refer to one or more limitations

17   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

18   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

19   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

20   meaning of such terms and therefore denies the allegations contained in Paragraph 38.

21          39.    The allegations of Paragraph 39 of the Complaint refer to one or more limitations

22   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

23   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

24   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

25   meaning of such terms and therefore denies the allegations contained in Paragraph 39.

26          40.    The allegations of Paragraph 40 of the Complaint refer to one or more limitations

27   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

28   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

1    USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

2    meaning of such terms and therefore denies the allegations contained in Paragraph 40.

3        41.    The allegations of Paragraph 41 of the Complaint refer to one or more limitations

4    from the claims of the '184 Patent. In light of the fact that such limitations have not yet been

5    construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

6    USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

7    meaning of such terms and therefore denies the allegations contained in Paragraph 41.

8        42.    The allegations of Paragraph 42 of the Complaint refer to one or more limitations

9    from the claims of the '184 Patent. In light of the fact that such limitations have not yet been

10   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

11   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

12   meaning of such terms and therefore denies the allegations contained in Paragraph 42.

13       43.    The allegations of Paragraph 43 of the Complaint refer to one or more limitations

14   from the claims of the '184 Patent. In light of the fact that such limitations have not yet been

15   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

16   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

17   meaning of such terms and therefore denies the allegations contained in Paragraph 43.

18       44.    The allegations of Paragraph 44 of the Complaint refer to one or more limitations

19   from the claims of the '184 Patent. In light of the fact that such limitations have not yet been

20   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

21   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

22   meaning of such terms and therefore denies the allegations contained in Paragraph 44.

23       45.    The allegations of Paragraph 45 of the Complaint refer to one or more limitations

24   from the claims of the '184 Patent. In light of the fact that such limitations have not yet been

25   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

26   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

27   meaning of such terms and therefore denies the allegations contained in Paragraph 45.

28

46.     The allegations of Paragraph 46 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 46.

47.     The allegations of Paragraph 47 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 47.

48.     The allegations of Paragraph 48 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 48.

49.     The allegations of Paragraph 49 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 49.

50.     The allegations of Paragraph 50 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 50.

51.     The allegations of Paragraph 51 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

1    USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

2    meaning of such terms and therefore denies the allegations contained in Paragraph 51.

3           52.    The allegations of Paragraph 52 of the Complaint refer to one or more limitations

4    from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

5    construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

6    USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

7    meaning of such terms and therefore denies the allegations contained in Paragraph 52.

8           53.    The allegations of Paragraph 53 of the Complaint refer to one or more limitations

9    from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

10   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

11   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

12   meaning of such terms and therefore denies the allegations contained in Paragraph 53.

13          54.    The allegations of Paragraph 54 of the Complaint refer to one or more limitations

14   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

15   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

16   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

17   meaning of such terms and therefore denies the allegations contained in Paragraph 54.

18          55.    The allegations of Paragraph 55 of the Complaint refer to one or more limitations

19   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

20   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

21   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

22   meaning of such terms and therefore denies the allegations contained in Paragraph 55.

23          56.    The allegations of Paragraph 56 of the Complaint refer to one or more limitations

24   from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been

25   construed by the Court and in light of the pending reexamination of the '184 Patent granted by the

26   USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the

27   meaning of such terms and therefore denies the allegations contained in Paragraph 56.

28

**Other Accused Products**

57.    The allegations of Paragraph 57 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 57.

58.    The allegations of Paragraph 58 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 58.

59.    The allegations of Paragraph 59 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 59.

60.    The allegations of Paragraph 60 of the Complaint refer to one or more limitations from the claims of the '184 Patent.  In light of the fact that such limitations have not yet been construed by the Court and in light of the pending reexamination of the '184 Patent granted by the USPTO on October 11, 2007, Giant is without knowledge or information sufficient to determine the meaning of such terms and therefore denies the allegations contained in Paragraph 60.

61.    Giant admits that Plaintiff requested that Giant provide information about the manufacturing process used for the products identified in Paragraph 18.  Further responding to Paragraph 61, Giant states that it established in written correspondence that its products are not manufactured according to the process claimed in the '184 Patent and do not infringe any claims of such Patent.  Except as thus admitted or otherwise responded to, the allegations contained in Paragraph 61 are denied.

62.    Giant admits that Plaintiff offered to negotiate a license with Giant.  Except as thus admitted, the allegations contained in Paragraph 62 are denied.

63.    Giant admits that it has not procured a license from Plaintiff.   Except as thus admitted, the allegations contained in Paragraph 63 are denied.

64.    Denied.

65.    [none]

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

## PRAYER FOR RELIEF

74.    Giant denies Plaintiff's prayer for relief in the Complaint.

75.    Giant denies all other allegations, prayers for relief, matters or things set forth in the Complaint to which a response has not been made herein.

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Upon information and belief, the '184 Patent is invalid under Part II of Title 35, United States Code, specifically 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102, 103, and 112.

## THIRD DEFENSE

Giant has not infringed any valid claim of the '184 Patent.

## FOURTH DEFENSE

Upon information and belief, Plaintiff's claims for relief are barred in whole or in part by the doctrines of estoppel, unclean hands, and laches.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Comes now Giant International (USA) Ltd. ("Giant") and for its Counterclaim against Plaintiff Jens Erik Sorensen ("Sorensen"), as Trustee of Sorensen Research and Development Trust (the "Trust"), and shows the Court as follows:

1.      Giant is a Delaware corporation with its principal place of business at 3500 Lenox Rd., Suite 630, Atlanta, Georgia  30326.

2.      Upon information and belief, Sorensen is a resident of California and is trustee the Trust.  Upon further information and belief, the Trust is organized according to California law.

3.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1338.

4.      This Court has personal jurisdiction over Sorensen because he has consented to this Court's jurisdiction by the filing of this lawsuit.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.      Sorensen has charged Giant with infringement of the '184 Patent in this lawsuit.

7.      There is a substantial and continuing justiciable controversy between Giant and Sorensen as to Sorensen's right to maintain suit for infringement of the '184 Patent, and as to the validity and scope thereof, and as to whether any of Giant's products infringe any valid claim of the '184 Patent.

8.      Upon information and belief, Giant has not infringed any valid claim of the '184 Patent.

9.      Upon information and belief, the '184 Patent is invalid under Part II of Title 35, United States Code, specifically 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102, 103 and 112.

10. Giant will be damaged in its business by the aforesaid charges of infringement by Soresen and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

11. As a result, Giant seeks a declaration that the '184 Patent is invalid, void and unenforceable and not infringed by Giant.

WHEREFORE, Giant prays for the following relief:

        (1) That Judgment on Plaintiff's Complaint be rendered for Giant, with costs of the litigation awarded to Giant;

        (2) That the '184 Patent be declared invalid, void and unenforceable and not infringed by Giant;

        (3) That the Court finds this case to be exceptional and awards Giant its reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

That Giant have such other, further and different relief as the Court may deem just and proper.


Dated:     December 3, 2007                    JACZKO GODDARD LLP

                                               SMITH, GAMBRELL & RUSSELL, LLP


                                               By:     _____s/Allison H. Goddard_____
                                                       Allison H. Goddard
                                                       Attorneys for Defendant GIANT
                                                       INTERNATIONAL (USA) LTD.

1

## **DEMAND FOR JURY TRIAL**

2      Giant hereby demands a jury trial on all issues so triable.

3

4  Dated:      December 3, 2007                    JACZKO GODDARD LLP

5                                                  SMITH, GAMBRELL & RUSSELL, LLP

6

7                                                  By:      s/Allison H. Goddard
                                                            Allison H. Goddard
8                                                           Attorneys for Defendant GIANT
                                                            INTERNATIONAL (USA) LTD.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*__Sorensen v. Giant International (USA) Ltd.__*

**USDC Case No. 07cv02121 BTM (CAB)**


**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of December, 2007, with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on the following business day.



_____/s/  Allison H. Goddard_____