1  J. CHRISTOPHER JACZKO (149317)
   ALLISON H. GODDARD (211098)
2  JACZKO GODDARD LLP
   4401 Eastgate Mall
3  San Diego, CA 92121
   Telephone:    (858) 404-9205
4  Facsimile:    (858) 225-3500

5  DALE LISCHER (*Admitted Pro Hac Vice*)
   ELIZABETH G. BORLAND (*Admitted Pro Hac Vice*)
6  KERRI A. HOCHGESANG (*Admitted Pro Hac Vice*)
   SMITH, GAMBRELL & RUSSELL, LLP
7  Promenade II, Suite 3100
   1230 Peachtree St. N.E.
8  Atlanta, GA  30309
   Telephone:    (404) 815-3500
9  Facsimile:    (404) 685-6945

10 Attorneys for Defendant
   GIANT INTERNATIONAL (USA) LTD.

11

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14

15 JENS ERIK SORENSEN, as Trustee of      )   No. 07-CV-02121-BTM-CAB
   SORENSEN RESEARCH AND                  )
   DEVELOPMENT TRUST,                     )   **MEMORANDUM IN SUPPORT OF**
16                                        )   **DEFENDANT'S MOTION TO STAY**
                                          )   **PENDING OUTCOME OF**
17            Plaintiff,                  )   **REEXAMINATION PROCEEDINGS**
                                          )
18 v.                                     )
                                          )   ***NO ORAL ARGUMENT UNLESS***
19 GIANT INTERNATIONAL (USA) LTD.,        )   ***REQUESTED BY THE COURT***
   a Delaware corporation, and DOES 1-10, )
                                          )
20            Defendants.                 )
                                          )   Date:   February 8, 2008
21 _____)   Time:  11:00 am
                                          )   Courtroom 15 - 5th Floor
22 GIANT INTERNATIONAL (USA) LTD., a      )
   Delaware corporation,                  )
23                                        )
             Cross-Complainant,           )
24                                        )
   v.                                     )
25                                        )
   JENS ERIK SORENSEN, as Trustee of      )
26 SORENSEN RESEARCH AND                  )
   DEVELOPMENT TRUST,                     )
27                                        )
             Cross-Defendant.             )
28                                        )

                                  1

# I.     INTRODUCTION

On October 11, 2007, the United States Patent and Trademark Office entered an order granting reexamination of U.S. Patent No. 4,935,184 (the "'184 Patent"), finding that there are fourteen "substantial new questions of patentability" with respect to the claims of the '184 Patent. A copy of the reexamination order is attached as Exhibit A to the Goddard Declaration filed concurrently herewith.  On November 6, 2007, nearly one month after reexamination was granted, Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Plaintiff" or "Sorensen"), filed a complaint against Defendant Giant International (USA) Ltd. ("Defendant" or "Giant") alleging infringement of the '184 Patent.

This Court has already stayed the related case of *Sorensen v. Black & Decker Corp.*, No. 06cv1572, pending the disposition of the reexamination proceeding.  *See Sorensen v. Black & Decker Corp.*, 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007).  A copy of that decision is attached as Exhibit B to the Goddard Declaration filed concurrently herewith.  It would be inconsistent to allow this case to go forward while that case is stayed.

In addition, a stay of the instant case pending the outcome of the reexamination proceeding will conserve the resources of the Court and the parties.  The reexamination may eliminate Plaintiff's claims *entirely* if the '184 Patent is declared invalid.  The reexamination also may substantially narrow the claims of the '184 Patent and thereby simplify the issues to be decided.[1]  Hence, it would be a tremendous waste of resources to litigate patent claims now that may be invalidated in the near future.

Finally, Plaintiff will not be prejudiced by a stay.  Discovery in this case has not yet begun, and the parties have not even participated in an early neutral evaluation conference.  Furthermore, the '184 Patent will expire on February 5, 2008.  Thus, even if this case were to go forward, Plaintiff's only remedy would be monetary damages.  If the Patent were to survive reexamination, Plaintiff would have an opportunity to seek damages then.  Accordingly, and as shown in more detail

---

[1] As noted by this Court in granting Black & Decker's motion to stay, "when reexamination is requested by a third party, as in this case, all claims are confirmed only 29% of the time, [and] there is a significant likelihood that the validity of the claims at issue in this action will be affected by the reexamination process." *Black & Decker*, 2007 WL 2696590, at *6.

below, Defendant's motion to stay this case pending the outcome of the reexamination proceeding should be granted by the Court.

## II.    LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION

As this Court noted in its decision to stay Plaintiff's case against Black & Decker, "Courts have inherent power to stay an action pending conclusion of PTO reexamination proceedings.  The decision whether to grant or deny a motion to stay proceedings pending PTO reexamination rests within the sound discretion of the court."  *Black & Decker*, 2007 WL 2696590, at *3.

As this Court also noted in *Black & Decker*, courts generally consider the following factors when deciding whether to grant a stay pending reexamination of a patent by the PTO:

    (1)    the stage of litigation., *i.e.*, whether discovery is almost complete and whether a trial date has been set;

    (2)    whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and

    (3)    whether a stay will simplify the issues in question and trial of the case.

*Id.*  Here, all three of these factors strongly support the grant of a stay.

### A.    The Stage Of Litigation Factor Strongly Supports A Stay.

In the instant case, the complaint has been pending for just one month.  Defendant has answered the complaint and filed a declaratory judgment counterclaim, and Plaintiff has filed a reply to the counterclaim.  There has been no discovery taken.  Furthermore, the parties have not even conferred regarding a possible schedule for discovery, and they have not yet participated in an early neutral evaluation conference.  Because this case is in its infancy, this factor strongly supports a stay.

Moreover, this Court found that a stay was warranted in *Black & Decker* even though that case had been pending for *nearly a year* when the defendants sought a stay, and substantial amounts of discovery had already been taken.  A stay was still justified because discovery in that case was not nearing its completion, the parties were just beginning to brief the issue of claim construction, and no trial date had been set.  *Id.* at *5.  Those same facts apply here as well, further supporting the grant of a stay.

**B.    A Stay Will Not Cause Undue Prejudice or Present a Clear Disadvantage to Plaintiff.**

This Court already found in *Black & Decker* that Plaintiff will not be prejudiced by a stay of a claim for infringement of the '184 Patent pending reexamination of such Patent.  As explained by the Court:

> Plaintiff's cognizable claims of prejudice if a stay should be entered basically boil down to his inconvenience in delaying final collection of any monetary award of royalties, assuming he ultimately wins.  However, as the court recognized in *Broadcast*, the prejudice factor is "best summarized by one question:  *do the Plaintiffs have an adequate remedy at law?*"  Just as in *Broadcast*, the answer here is that clearly Plaintiff does have an adequate remedy.  Defendants point out, and Plaintiff has not disputed, that the '184 Patent will expire in February 2008 independent of reexamination.  Given that a trial on the merits could not occur prior to that date, Plaintiff would not have been granted any injunctive relief by this Court.  Therefore, his claim would be restricted to past monetary damages, which, with the addition of prejudgment interest, are fully capable of compensating Plaintiff.

*Id.* at *4.

Furthermore, as this Court explained in *Black & Decker*, Defendant will be potentially prejudiced if a stay is *not* granted:  "'if this Court finds that the [patent] is not invalid and that [Defendant] has infringed it, and orders [Defendant] to pay damages to [Plaintiff] for such infringement, then [Defendant] would have no ability to recover those damages if at a later date the PTO determined that the [ ] patent is invalid."  *Id.* at *5 (quoting *In re Trans Texas Holdings Corp.*, 2007 U.S.App. LEXIS 19909, at *14-19 (Fed. Cir. Aug. 22, 2007)).  Accordingly, the prejudice factor strongly supports the grant of a stay in this case.

**C.    A Stay Will Simplify the Issues in Question and the Trial of This Case.**

This Court also previously found in *Black & Decker* that a stay of an infringement case involving the '184 Patent pending reexamination will result in simplification of the issues.  As noted by the Court, "'[o]ne purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Id.* at *5 (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

1     In *Black & Decker*, this Court found that shifting the issue of whether the '184 Patent is valid

2   to the PTO has numerous advantages, including the following:

3       (1)    All prior art presented to the Court will have been first considered by the PTO, with
               its particular expertise.
4

5       (2)    Many discovery problems relating to prior art can be alleviated by the PTO
               examination.
6

7       (3)    In those cases resulting in effective invalidity of the patent, the suit will likely be
               dismissed.
8

9       (4)    The outcome of the reexamination may encourage a settlement without the further use
               of the Court.

10      (5)    The record of reexamination would likely be entered at trial, thereby reducing the
               complexity and length of the litigation.
11

12      (6)    Issues, defenses, and evidence will be more easily limited in final pretrial conferences
               after a reexamination.
13

14      (7)    The cost will likely be reduced both for the parties and the Court.

15   *Id.* at *5 (quoting *Broadcast Innovation, L.L.C. v. Charter Communications, Inc.*, 2006 U.S. Dist.

16   LEXIS 46623, at *9-10)).  These same advantages apply here.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**III.    CONCLUSION**

Based on the foregoing, this case should be stayed pending the outcome of the reexamination.  The validity of the '184 Patent is presently in doubt, and a stay pending the PTO's reexamination of the Patent will conserve judicial and party resources until that doubt is either confirmed or erased.  In addition, because this case is in such an early stage and because the Patent will expire in less than two months, there will be no prejudice to Plaintiff caused by a stay.  Furthermore, in the event that any claims of the '184 Patent survive reexamination, the Court and the parties will benefit from the PTO's expertise in construing those claims.  Finally, a stay is warranted so that the Court is consistent with its prior decision to stay the *Black & Decker* case. Accordingly, Defendant's motion to stay should be granted such that this case is stayed pending outcome of the reexamination proceeding before the PTO.

Dated:        December 10, 2007                    JACZKO GODDARD LLP

                                                   SMITH, GAMBRELL & RUSSELL, LLP


                                                   By:      s/Allison H. Goddard
                                                            Allison H. Goddard
                                                            Attorneys for Defendant GIANT
                                                            INTERNATIONAL (USA) LTD.

*__Sorensen v. Giant International (USA) Ltd.__*

**USDC Case No. 07cv02121 BTM (CAB)**


**<u>Certificate of Service</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of December, 2007, with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on the following business day.


                    /s/  Allison H. Goddard