| | |
|---|---|
| 1<br>2<br>3<br>4 | MELODY A. KRAMER, SBN 169984<br>KRAMER LAW OFFICE, INC.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, California 92121<br>Telephone (858) 362-3150 |
| 5<br>6<br>7 | J. MICHAEL KALER, SBN 158296<br>KALER LAW OFFICES<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California 92121<br>Telephone (858) 362-3151 |
| 8<br>9 | Attorneys for Plaintiff JENS ERIK SORENSEN,<br>as Trustee of SORENSEN RESEARCH AND<br>DEVELOPMENT TRUST |

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                    Plaintiff,<br>  v.<br><br>GIANT INTERNATIONAL (USA) LTD., a Delaware corporation, and DOES 1-10,<br><br>                    Defendants.<br><br>GIANT INTERNATIONAL (USA) LTD., a Delaware corporation,<br><br>                    Cross-Complainant,<br>  v.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                    Cross-Defendant. | Case No. 07-CV-02121-BTM-CAB<br><br>**OPPOSITION TO DEFENDANT GIANT INTERNATIONAL (USA) LTD.'S *EX PARTE* APPLICATION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>Date:<br>Time:<br>Courtroom E – 1st Floor<br><br>*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT*<br><br>**PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT GRANT ORAL ARGUMENT ON THIS MATTER** |

## SUMMARY OF OPPOSITION

The Court should not delay the Early Neutral Evaluation ("ENE") in the present case because Defendant Giant International (USA) Ltd. ("Giant") has not shown any "extraordinary circumstance" supporting its requested continuation of the ENE. Regardless of the Court's ultimate ruling on the question of whether this case is stayed in whole or in part (Giant wants a complete stay; SRDT's Opposition will argue for only partial stay), there are good reasons in all cases, including the case at bar, to conduct the ENE in a timely manner:

1. Giant (the moving party) expressly asserts in its Counterclaim (Docket #7, ¶ 10) that it "will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated." Continuance of the ENE does not facilitate the requested prompt adjudication.

2. Giant has not demonstrated any "extraordinary circumstances" requiring continuance of the ENE and their assertions of hardship in attending the ENE are in conflict with public records regarding the location of top corporate executives in Atlanta, Georgia, rather than Giant's assertion that they are located in Hong Kong.

3. Holding the ENE (and conducting the Rule 26(f) conference as required in advance of the ENE) does not conflict with Giant's pending motion for stay. In fact, commencement of discovery on select topics would facilitate judicial economy by bringing this case into procedural alignment for a joint claim construction hearing with the related Black & Decker case on the same patent after reexamination is completed.

## FACTUAL SUMMARY

On November 6, 2007, Plaintiff Sorensen Research and Development Trust ("SRDT") filed this action for patent infringement against Defendant Giant

International (USA) Ltd. ("Giant"). Giant retained Black & Decker's local counsel[1] and on December 3, 2007, filed a Counterclaim along with its answer, including the following allegation:

> 10. Giant will be damaged in its business by the aforesaid charges of infringement by Soresen [sic] and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

Docket # 7, page 12:1-3.

Giant's implication that it was not aware of the pending reexamination when it filed the above Counterclaim and allegation of irreparable harm without prompt adjudication is unfounded. The Counterclaim was signed by Giant's counsel, Allison Goddard, who only weeks before was fully engaged in the Black & Decker litigation[2] and resulting reexamination.

Both Plaintiff's Reply and the Magistrate's ENE Order were filed the day following the Answer and Counterclaim. The ENE conference was set for January 28, 2007.

Prior to the present litigation, SRDT and Giant had been communicating back and forth regarding this matter since October 2004 with the exception of two periods of time when SRDT was unable to reach Giant's counsel because of changes in law firms. By letter dated April 27, 2006, Defendant's counsel asked for a response to another specific point, and SRDT's counsel responded by letter May 12, 2006. Then, inexplicably, Defendant's counsel again ceased communicating. SRDT attempted contact again by letter dated August 28, 2006 and queried whether SRDT had no other option but to file suit. No response was ever received. Between August 2006 and September 2007, SRDT was actively involved in litigating infringement with Black & Decker, as well as continuing litigation with ski boot

---

[1] Giant and Black & Decker share the same local counsel here in San Diego, namely Allison Goddard and Christopher Jaczko.

[2] Sorensen v. Black & Decker Corporation, et al, Case No. 06cv1572.

manufacturers Head, Nordica, and Tecnica.

In October 2007, SRDT sent a final pre-litigation notice to Giant's counsel (who had moved to yet another law firm), explaining why Giant had not yet been sued, asked Giant to sign a tolling agreement, and notified Giant that suit would be followed forthwith if no tolling agreement was signed. Giant's counsel emailed SRDT's counsel asking for an extension of time, which was granted. No further response was made by Giant and thus the present lawsuit was filed.

## ARGUMENT

**I. THE COURT SHOULD NOT DELAY AN ACTION UPON THE REQUEST OF A COUNTERCOMPLAINANT WHO HAS AFFIRMATIVELY ASSERTED THAT IT WILL BE PREJUDICED IF THE CASE "IS NOT PROMPTLY ADJUDICATED."**

There is something obviously and inherently wrong with a party seeking delays and stays immediately after filing a counterclaim seeking affirmative judicial relief, including an express assertion that the same party "will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated." Giant judicially admitted that it wanted prompt adjudication in its counterclaim; it should not now be heard to request delay.

An ENE is a simple procedure early in a case to determine if settlement is possible, decide what discovery needs to be taken and in what order, and otherwise manage and advance the case. Issues of preservation of certain evidence may be addressed as a part of this meeting. Parties that believe settlement is impossible might learn that there is room for compromise. The ENE works as possibly the single most judicially cost effective procedure in the early portion of the case to advance "promptly adjudicating" of any case through assessing the actual issues at dispute and MANAGING how the case will be subsequently adjudicated. Giant has insisted it needs prompt adjudication, and having the ENE go forward as scheduled

will facilitate Giant's request.

## II. GIANT'S CLAIM OF HARDSHIP DOES NOT MEET THE REQUIREMENT OF "EXTRAORDINARY CIRCUMSTANCES" REQUIRED BY THIS COURT.

> Local Patent Rule 2.1.a requires that an ENE take place within 60 days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written ex parte requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary."

Docket # 12, pages 3:27-4:3.

Sixty days from filing of Giant's Answer is February 1, 2008, less than a week after the scheduled ENE.

Defendant Giant claims that it would be "a significant burden for Giant to attend the ENE," claiming that its decisions makers (CEO Max Loong and Gary Yam) would have to travel from Hong Kong. Their representations are somewhat misleading.

Defendant Giant is a Delaware corporation with its principal place of business in Atlanta, Georgia. *Kramer Decl.* ¶ XXX, Exhibit XXX. To suggest that a Delaware/Georgia corporation would suffer a "significant burden" by having its officers travel to San Diego is disingenuous.

Annual reports filed with the Georgia Secretary of State's office list CEO Max Loong's address as being in Georgia. *Kramer Decl.* ¶ XXX, Exhibit XXX. Those same records identify Giant's CFO as Oscar Chung, also of Atlanta, Georgia and make no reference to Gary Yam. The Chief Financial Officer of a United States corporation should have adequate authority to enter into a settlement.

Gary Yam (aka Yam Kwong Chun, Gary) has been identified by Business Week as being the financial controller as of August 2007, not of Defendant Giant International (USA) Ltd., but of Giant Wireless Technology Ltd. *Kramer Decl.* ¶

___, Exhibit C. According to filings in this case (Docket #8), Giant Wireless is a second-tier owner of the Defendant Giant company (Defendant Giant is 100% owned by Permanent Success Investment Limited, a British Virgin Island business entity, which is 100% owned by Giant Wireless Technology Limited, a Bermuda business entity based in Hong Kong).

While Giant's assertion that its CEO resides in Hong Kong may be factually true, such basing is obviously for the convenience of Giant and its CEO. Giant is a corporation organized under United States law that does business throughout the U.S. Giant acknowledged the personal jurisdiction of this court in its Answer, and filed a counterclaim wherein it expressly sought the assistance of this very Court. In view of all this, Giant cannot be heard to complain that having an appropriate company representative attend an ENE is too much of a hardship. Either there are U.S. based company officials who could properly attend the ENE, or Giant can place one of its foreign domiciled executives on a plane. Having sought and received the benefits of incorporating in the United States, Giant must be responsive to its obligations to the United States Courts as well.

**III. PROCEEDING WITH THE ENE DOES NOT CONFLICT WITH THE PENDING MOTION FOR STAY AND WOULD ENHANCE CASE MANAGEMENT FOR THIS AND OTHER RELATED CASES.**

The Court's ENE Order requires the parties to meet no later than 21 days prior to conduct a Rule 26(f) conference and to be prepared to discuss discovery issues and objections and proposed scheduling of the case. There is nothing about that process that cannot be done with a pending motion for stay.

Plaintiff's briefing on Giant's Motion for Stay is not yet due. However, the opposition will demonstrate to the Court why no more than a partial stay should issue. There are numerous areas of discovery and narrowing of the issues that can and should be done in advance of a claim construction hearing. It would be helpful for the Court to discuss these issues with counsel and parties at the ENE, even if

certain portions of trial scheduling is delayed until after the motion for stay order is issued.

The ENE serves, among other things, to schedule and initiate the discovery process. While Judge Moskowitz might decide to stay portions of the pending case until completion of reexamination, there is ample reason to go forward with the ENE and select portions of the discovery process. The Magistrate is fully capable of taking these factors into consideration in the conduct of the ENE and framing an appropriate CMC order to fit all the relevant details of this case.

In previous patent cases wherein Judge Moskowitz has granted stays pending reexamination (including the parallel Black & Decker case), his orders have directed that certain tasks specific to the cases before him continue to go forward. At this point in the case, there is no ruling on Giant's motion for stay and, thus, it is unknown the extent to which this matter will be stayed, if at all. Accordingly, the fact that Giant has filed a stay request should not stop the usual functions of early case management from occurring.

Judge Moskowitz has previously indicated that he intended to conduct a consolidated claim construction of all the the '184 patent cases.[3] If the Giant case is stayed without permitting a case management conference or select limited discovery from occurring, this related case will be fully a year behind the Black & Decker case in tracking for joint claim construction when the reexamination is completed.

A total stay in the Giant case would then act to add several months of additional delay in the advanced Black & Decker case, while this case plays catch-up in moving toward claim construction. A better solution for all involved would be to move forward with the ENE and selected discovery, excluding claim construction discovery, so that by the time reexamination is completed, the Giant case will be near procedural parity with the Black & Decker case and not further delay claim

---

[3] See *Sorensen v. Tecnica*, et al, Case No. 06-cv-01941, Docket #28.

construction.

Giant's assertion that settlement at the ENE is unlikely MAY be true, but should not govern whether or not an ENE is held. As is well-known, parties generally make that assertion on their way in the door. Despite this posturing, many cases do manage to settle at ENE conferences with helpful nudges from the Court. At this juncture, both parties are really unaware what settlement positions the other side is likely to consider. The ENE serves to test the possibility that there might be settlement potential that the parties have not discovered, but that the presence of a neutral Judge can facilitate.

## CONCLUSION

Plaintiff does not object to a delay in scheduling claim construction briefing until after the reexamination of the '184 patent has concluded. However, there is much to be done in advance of that stage in the proceedings, and discovery should be scheduled and commenced to get this case on-track for a consolidated claim construction hearing. Therefore, an ENE should be held as scheduled to allow the Court and the parties to efficiently manage this case to conclusion.

Further, the ENE acts to support Giant's pleading request for prompt adjudication and to explore the possibility of settlement. Therefore, the ENE should go forward as scheduled.

DATED this Thursday, December 20, 2007.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ J. Michael Kaler

Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

8.

Case No. 07-CV-02121

# PROOF OF SERVICE

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121. I am a member of the State Bar of California and the Bar of this Court.

On December 20, 2007, I served on the parties to this action the following documents:

OPPOSITION TO DEFENDANT GIANT INTERNATIONAL (USA) LTD.'S *EX PARTE* APPLICATION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Allison Goddard<br>J. Christopher Jaczko<br>Jaczko Goddard LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>agoddard@jaczkogoddard.com<br>cjaczko@jaczkogoddard.com<br>858-225-3500 FAX | Defendant Giant International (USA) Ltd. | Email – Pleadings Filed with the Court |
| Dale Lischer<br>Elizabeth G. Borland<br>Kerri A. Hochgesang<br>Smith, Gambrell & Russell, LLP<br>Promenade II, Suite 3100<br>1230 Peachtree St., N.E.<br>Atlanta, GA 30309<br>404-685-6945 FAX | Defendant Giant International (USA) Ltd. | Email – Pleadings Filed with the Court |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

1

☐   (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒   (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, December 20, 2007, in San Diego, California.

/s/ J. Michael Kaler

_____

J. Michael Kaler, Esq.