J. CHRISTOPHER JACZKO (149317)
ALLISON H. GODDARD (211098)
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone:   (858) 404-9205
Facsimile:    (858) 225-3500

DALE LISCHER (*Pro Hac Vice Pending*)
ELIZABETH G. BORLAND (*Pro Hac Vice Pending*)
KERRI A. HOCHGESANG (*Pro Hac Vice Pending*)
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree St. N.E.
Atlanta, GA  30309
Telephone:   (404) 815-3500
Facsimile:    (404) 685-6945

Attorneys for Defendant
GIANT INTERNATIONAL (USA) LTD.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>          Plaintiff,<br><br>v.<br><br>GIANT INTERNATIONAL (USA) LTD., a Delaware corporation, and DOES 1-10,<br><br>          Defendants. | No. 07-CV-02121-BTM-CAB<br><br>**REPLY IN SUPPORT OF DEFENDANT GIANT INTERNATIONAL (USA) LTD.'S *EX PARTE* APPLICATION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE** |
| GIANT INTERNATIONAL (USA) LTD., a Delaware corporation,<br><br>     Cross-Complainant,<br><br>v.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>     Cross-Defendant. | |

In its opposition to Defendant Giant International (USA) Ltd.'s ("Giant") Ex Parte Application to Continue Early Neutral Evaluation Conference, Plaintiff Jens Erik Sorensen ("Plaintiff") makes several incorrect assertions.

First, despite the fact that the Declaration of Elizabeth G. Borland clearly states that the persons with binding settlement authority for Giant both reside in Hong Kong, Plaintiff implies that because Giant is a Delaware corporation with an office in Georgia, there must be a person with binding settlement authority in Georgia who could travel to the ENE. Plaintiff is wrong.

Giant is part of a large conglomerate of companies controlled by Giant Wireless Technology Ltd. (the "Giant Group"). The Giant Group has its headquarters in Hong Kong, China, and *all* major decisions for the Group, including settlement of lawsuits, are made by officers of the Group who reside *in Hong Kong*. There are *no* persons residing in the United States with binding settlement authority for Giant.[1] Thus, as Giant established in its initial Motion, it will be extremely burdensome for Giant to travel to San Diego solely to attend the ENE.

Second, Plaintiff contends that the ENE should go forward despite the pending motion to stay because there is a *possibility* that the Court may only grant a partial stay. This contention also has no merit. It makes no sense for the parties to discuss a plan for discovery in this case until the Court *actually decides* the Motion to Stay. If the ENE goes forward as scheduled, but the Court then stays the case in its entirety, the ENE will have been a complete waste of the resources of the parties and of this Court. Alternatively, if this case is allowed to proceed with limited discovery,[2] the parties need to *know* the parameters of such limited discovery *before* they can intelligently discuss a schedule. Therefore, under either scenario, the ENE should be continued until *after* the Court has ruled on the Motion to Stay.

---

[1] Plaintiff's accusations regarding Oscar Chung and Gary Yam are likewise misplaced. Ms. Chung, who also lives in Hong Kong, has taken a leave of absence from the company, and Mr. Yam has stepped in as temporary Controller during her absence.

[2] Plaintiff apparently concedes that this case will be at least partially stayed in light of the pending reexamination. Giant believes that even limited discovery at this stage would be meaningless. Until the Patent and Trademark Office actually decides the reexamination, the parties have no idea what, if any, claims will survive. Moreover, even if any claims do survive, the findings of the Patent and Trademark Office will have a significant impact upon how those claims are to be construed. Thus, the parties can take no real positions regarding claim construction, infringement, or invalidity at this time, and discovery on these issues would have to revisited after the reexamination has been concluded.

Third, Plaintiff's reliance on boilerplate language from a compulsory counterclaim to oppose Giant's motion to continue to ENE is misguided. Plaintiff first made infringement allegations against Giant *three years ago*, but then waited until *after* the reexamination was ordered to actually file suit against Giant. In order for Giant to preserve its right to bring a counterclaim for declaratory judgment, it was forced to assert such claim in its answer and included standard language that commonly appears in claims for declaratory judgment. In fact, the whole *purpose* of a claim for declaratory judgment is to obtain a prompt adjudication of an unsettled question. Here, in the unlikely event that the asserted patent survives the pending reexamination and this case moves forward, Giant will *still* want a prompt adjudication of the questions of infringement and invalidity. Therefore, contrary to Plaintiff's contentions, there is nothing inconsistent about seeking a stay of a claim for declaratory judgment.

Finally, given that the parties have had settlement discussions over the *past three years* without success, there is no reason to believe that holding the ENE before the Court decides the Motion to Stay would help push the parties toward settlement. The pending reexamination has placed a cloud on the asserted patent, and, until that cloud has been lifted, Giant is unable to evaluate the risk it faces from Plaintiff's claims. Thus, this case is even more unlikely to settle now than it was during the three years of discussions that took place before the reexamination was granted.[3]

## **CONCLUSION**

The only way to preserve the resources of the Court and the parties is to continue the ENE until *after* the Motion to Stay has been decided. If the Motion to Stay is granted, then there will be no ENE until after the reexamination has been concluded. Furthermore, if the asserted patent does not survive the reexamination, then there will be no ENE at all. Moreover, even if the Motion to Stay is only granted in part and limited discovery is allowed, it would be premature to hold the ENE and discuss a discovery schedule before the parties even *know* what that limited discovery is. Under these extraordinary circumstances, it would place an undue burden on Giant to require one of its

---

[3] Plaintiff contends that Giant implied that it had no knowledge of the reexamination when it filed its answer. This is wholly without merit. In fact, throughout its Answer, Giant expressly identified the pending reexamination as one of the reasons why it was unable to admit or deny the allegations of the complaint. *See, e.g.*, Answer ¶¶ 13-15.

1  representatives with binding settlement authority to travel from Hong Kong to San Diego to attend
2  the ENE.  Thus, Giant's Application to Continue the Early Neutral Evaluation Conference should be
3  granted.

5  Dated:    December 21, 2007                    JACZKO GODDARD LLP
6                                                 SMITH, GAMBRELL & RUSSELL, LLP

8                                                 By:      s/Allison H. Goddard
                                                       Allison H. Goddard
9                                                      Attorneys for Defendant GIANT
                                                       INTERNATIONAL (USA) LTD.

*<u>Sorensen v. Giant International (USA) Ltd.</u>*

**USDC Case No. 07cv02121 BTM (CAB)**

**<u>Certificate of Service</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of December, 2007, with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on the following business day.

                                                                             s/  Allison H. Goddard